**Avtar SINGH, Petitioner,**

**v.**

**Michael B. MUKASEY, United States Attorney General,[1] Department of Homeland Security, Respondents.**

**No. 07–4975–ag.**

United States Court of Appeals, Second Circuit.

July 18, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as a respondent in this case.

Amy Gell, Gell & Gell, LLC, New York, NY, for Petitioner.

George C. Katsas, Acting Assistant Attorney General, Civil Division, Blair O'Connor, Senior Litigation Counsel, Office of Immigration Litigation, Jason S. Patil, Trial Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondents.

PRESENT: Hon. RALPH K. WINTER, Hon. CHESTER J. STRAUB and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Avtar Singh, a native and citizen of India, seeks review of an October 11, 2007 order of the BIA denying his motion to reopen his removal proceedings. *In re Singh*, No. A29 840 570 (B.I.A. Oct. 11, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). In reviewing the BIA's denial of a motion to reopen, this Court has remained mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *See Maghradze v. Gonzales*, 462 F.3d 150, 154 (2d Cir.2006) (citing *INS v. Abudu*, 485 U.S. 94, 107, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988)).

As a preliminary matter, to the extent that Singh attempts to challenge the merits of the agency's underlying denial of his applications for asylum, withholding of removal, and Convention Against Torture ("CAT") relief, that decision is not properly before this Court and we dismiss the petition for review to that extent. *See Stone v. INS*, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995); *Ke Zhen Zhao*, 265 F.3d at 89–90. Only the BIA's October 2007 decision is before us as that is the only decision from which a petition for review was timely filed. *See* 8 U.S.C. § 1252(b)(1). Additionally, this Court lacks jurisdiction to review the BIA's decision not to reopen Singh's case *sua sponte* under 8 C.F.R. § 1003.2(a), because such a decision is "entirely discretionary." *See Azmond Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir.2006).

The BIA did not abuse its discretion in finding that Singh failed to establish *prima facie* eligibility for the underlying relief he sought. *See Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir.2005). In his motion, Singh asserted that the Indian po-

lice discovered his political activity in the United States. However, as the BIA noted, the IJ found Singh's testimony not credible, including his assertion that he was politically active in the United States. The BIA affirmed that credibility finding, which remains unchallenged. We have found that the BIA may deny a motion to reopen which fails to overcome a prior adverse credibility determination. *See Kaur*, 413 F.3d at 234; *see also Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147–48 (2d Cir.2007). Thus, we find no abuse of discretion in the BIA's denial of Singh's motion to reopen.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the stay of removal that the Court previously granted in this petition is VACATED.